IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JONATHAN WARE
ADC #653450                                                                                           PLAINTIFF

V.                          Case No. 3:10-cv-00070-DPM

PAULETT ARNOLD and
ANDY ALLISON                                                                                        DEFENDANTS

ORDER

The Court has considered Magistrate Judge Jerome T. Kearney's Proposed Findings and Recommended Partial Disposition—to which Jonathan Ware has not objected—and conducted a *de novo* review of the record in this case. The Court adopts Magistrate Judge Kearney's Proposed Findings and Recommended Partial Disposition, *Document No. 10*, with one clarification about the unanswered-grievances allegations.

Ware's allegations against the defendants concerning inadequate food service, too few showers while under lock down, and verbal comments by a guard after an inmate hit Ware in the face all fail to state a claim for relief. They are dismissed.

Regarding Ware's unanswered-grievances allegations, as Magistrate Judge Kearney correctly concluded, no constitutional right to an internal grievance procedure exists. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). But the Court reads these allegations as Ware pleading that he tried to exhaust whatever informal grievance processes the Poinsett County Detention Center may have had in place. If grievance procedures existed, he was required by 42 U.S.C. § 1997e(a) to exhaust them. *See also Woodford v. Ngo*, 548 U.S. 81, 84–85, 88–90 (2006) (interpreting the Prison Litigation Reform Act's exhaustion requirement). In their answer to the complaint and amended complaint, Defendants Arnold and Allison admit that the Poinsett County Detention Center had "a grievance procedure in place[.]" *Document No. 14*. This supports the Court's conclusion that Ware has attempted to plead exhaustion of remedies in addition to pleading claims for relief under 42 U.S.C. § 1983.

The Court expresses no opinion, however, on whether Ware has in fact properly exhausted the remedies that were available to him while detained at the Poinsett County Detention Center; instead, the Court concludes only that the unanswered-grievance allegations should not be dismissed because they serve a legal purpose in this case as it goes forward on the remaining allegations.

Ware may proceed against the defendants on the merits of his allegations concerning an improper lock down, conviction of a disciplinary without notice and a hearing, and the improper or unlawful use of a restraint chair.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

19 July 2010